ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN OFFICIAL OPINION REGARDING WHETHER A MEMBER OF A COUNTY EXCISE BOARD WHOSE LAW PARTNER REPRESENTS MUNICIPALITIES WITHIN THE COUNTY, HAS A CONFLICT OF INTEREST SUCH THAT HE MAY NOT SIT ON THE EXCISE BOARD. WE HAVE FOUND NO ATTORNEY GENERAL OPINIONS OR CASE LAW WHICH SPECIFICALLY ANSWER YOUR QUESTION; HOWEVER, AS YOUR MEMORANDUM ACCOMPANYING YOUR OPINION REQUEST NOTES, THE ONLY STATUTE DIRECTLY ON POINT APPEARS TO BE 68 O.S. 2457 [68-2457] (1981). THAT STATUTE FORBIDS ANY MEMBER OF THE EXCISE BOARD FROM SERVING AS AN EMPLOYEE, OFFICIAL OR ATTORNEY FOR ANY COUNTY, CITY OR TOWN OF THE COUNTY OR TO REPRESENT ANY TAXPAYER BEFORE HIS OWN BOARD IN ANY MANNER, OR TO USE HIS POSITION AS A BOARD MEMBER TO FURTHER HIS OWN INTERESTS. OF COURSE, AS WITH MOST CONFLICT OF INTEREST STATUTES, WHETHER THIS STATUTE HAS BEEN VIOLATED IS A FACTUAL DETERMINATION WHICH THIS OFFICE CANNOT MAKE. YOUR MEMORANDUM POINTS TO 74 O.S. 4241 [74-4241] (1986), WHICH PROHIBITS STATE EMPLOYEES, INCLUDING EXCISE BOARD MEMBERS, FROM SELLING OR OFFERING TO SELL OR CAUSING TO BE SOLD EITHER AS AN INDIVIDUAL OR THROUGH ANY BUSINESS ENTERPRISE IN WHICH THE BOARD MEMBER HOLDS A SUBSTANTIAL FINANCIAL INTEREST, GOODS OR SERVICES TO ANY STATE AGENCY OR TO ANY BUSINESS ENTITY LICENSED OR REGULATED BY THE STATE AGENCY. WHILE IT IS TRUE THAT THE EXCISE BOARD EXERCISES BUDGETARY AND FINANCIAL REGULATION AND CONTROL OVER VARIOUS ENTITIES WITHIN THE COUNTY, IT SEEMS DOUBTFUL THAT A COURT WOULD FIND THAT A MUNICIPALITY IS REGULATED BY THE EXCISE BOARD IN THE SENSE IN WHICH THAT STATUTE SEEMS TO IMPLY. YOU ALSO POINT TO ARTICLE X, SECTION 11 OF THE OKLAHOMA CONSTITUTION WHICH PROHIBITS RECEIPT OF ANY DIRECT OR INDIRECT INTEREST OF ANY OFFICER OF THE STATE, THE COUNTY, A CITY, OR TOWN, OF ANY INTEREST, PROFIT OR PERQUISITES ARISING FROM THE USE OR LOAN OF PUBLIC FUNDS IN HIS HANDS, OR TO BE RAISED THROUGH HIS AGENCY FOR STATE, CITY, TOWN, DISTRICT OR COUNTY PURPOSES. AGAIN, THERE IS A POSSIBLE APPLICATION OF THIS STATUTE TO THE INSTANT FACTS, ALTHOUGH IT WOULD SEEM THAT THE EXCISE BOARD DOES NOT, IN FACT, HAVE PUBLIC FUNDS IN ITS HANDS, NOR ARE PUBLIC FUNDS RAISED THROUGH THAT AGENCY. HOWEVER, IT WOULD SEEM POSSIBLE THAT A COURT MIGHT CONSTRUE THIS PROVISION TO APPLY TO A PARTICULAR SITUATION, UNDER THE PROPER FACTS. WHILE YOUR MEMORANDUM CITES SEVERAL ETHICAL CONSIDERATIONS DICTATED BY THE CODE OF PROFESSIONAL RESPONSIBILITY FOR ATTORNEYS, DETERMINATION OF THE APPLICABILITY OF THESE CONSIDERATIONS IS NOT WITHIN THE PROPER JURISDICTION OF THIS OFFICE. ALTHOUGH, AS YOU POINT OUT, THERE IS MOST CERTAINLY THE DANGER OF THE APPEARANCE OF IMPROPRIETY IN THE SITUATION YOU DESCRIBE, AND SUCH CONSIDERATIONS ARE, OF COURSE, CERTAINLY A MATTER OF LOCAL CONCERN, THEY ARE NOT AS A MATTER OF LAW SUFFICIENT TO DISQUALIFY ONE FROM PUBLIC OFFICE. IT WOULD THUS APPEAR THAT UNLESS IT CAN BE DEMONSTRATED THAT THE EXCISE BOARD MEMBER HAS USED HIS POSITION AS A BOARD MEMBER TO FURTHER HIS OWN INTEREST, THERE IS NO PER SE VIOLATION OF STATE LAW. BECAUSE OF THE FACTUAL CONSIDERATIONS IMPLICIT IN ANY INQUIRY SUCH AS YOURS, THIS OFFICE IS RELUCTANT TO ISSUE OFFICIAL OPINIONS ON THESE QUESTIONS. I HOPE, HOWEVER, THAT THE FOREGOING WILL BE OF HELP. (DUAL OFFICE, CONFLICT OF INTEREST) (SUSAN BRIMER LOVING)